No. 80-129

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

IN RE THE MARRIAGE OF
ELAINE KIEFFER QUINN,

                    Petitioner and Appellant,

     -vs-

DANIEL J. QUINN,

              Respondent and Respondent.

_____

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead, The Honorable Frank Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrow, Sedivy, Olson & Scully, Bozeman, Montana

    For Respondent:

        Cummins and Erb, Helena, Montana

_____

              Submitted on Briefs:  November 26, 1980

                     Decided: JAN 2 1 1981

Filed:  JAN 2 1 1981

_____
                      Clerk

Mr. Justice John C. Sheehy delivering the Opinion of the Court.

Copetitioner Elaine Quinn appeals from an order of contempt of court in the Fifth Judicial District Court, Beaverhead County and from the court order dismissing her petition for modification of the decree of dissolution which ended her marriage to copetitioner Daniel Quinn.

On September 15, 1978, Elaine and Daniel Quinn filed a joint petition for dissolution of their marriage in the Beaverhead County District Court. One month later, the court entered a decree of dissolution. The court incorporated into its decree the terms of a written separation agreement made by the Quinns which divided their property and specified terms of custody regarding their children--Deirdre, Colby and Carson Quinn. The child custody provisions of the Quinn's separation agreement provide as follows:

> "6. It is hereby agreed that Husband and Wife are the fit and proper persons to be granted the joint care, custody and control of the minor children of the parties. It is understood and agreed that until the said children reach legal age or are otherwise emanicipated, Husband will most probably exercise the greater amount of care and control of said children, since the children will continue to reside with Husband at the family home near Dillon, Montana. This arrangement is not to be construed against Wife in any way.
>
> "7. It is specifically agreed that neither Husband nor Wife shall remove the minor children from the State of Montana without the express written consent of the other party and upon such terms and conditions for visitation by the other party as may thereupon be agreed upon by amendment to this Agreement.
>
> "8. Notwithstanding anything set forth herein, it is fully understood and agreed that each of the parties may exercise their respective custody rights in any way, provided that such exercise of rights does not unduly inconvenience the other party, and is mutually satisfactory to the parties. The parties mutually agree that the wishes of the said minor children shall be the deciding factor in this regard."

One year after the entry of this decree of dissolution and the execution of this custody agreement, Elaine Quinn filed a petition to modify the child custody arrangement. She requested that the court terminate her husband's custody rights and that custody of the children be placed with her alone. In an accompanying affidavit, she alleged that the best interests of the children were not being served by the present custody arrangement.

At the time Elaine Quinn filed her modification petition, she was living in Bozeman, Montana, and attending Montana State University. She had physical custody of Carson Quinn. Deirdre and Colby Quinn were staying with their father at the family home near Dillon, Montana. Since the divorce, however, all three children have been passed back and forth between parents, a number of times.

In response to the modification petition and in an attempt to recover Carson from his ex-wife, Daniel moved the District Court to hold a hearing requiring Elaine to show cause why she should not be held in contempt of court. Daniel claimed that by the terms of the separation agreement, he was awarded sole custody of all three children. He contended that his wife was violating their agreement and the court decree by keeping Carson Quinn in Bozeman without his permission. The District Court agreed with Daniel's interpretation of the agreement and found Elaine in contempt of court for not returning Carson to Dillon. This contempt order was stayed by the court pending its decision regarding Elaine's modification petition.

On February 19, 1980, the Court held a hearing on the modification petition. Following the hearing, the court entered findings of fact, conclusions of law and a decree dismissing Elaine's request to change the parties' child

custody arrangement. Findings of fact nos. III and V made by the court include:

> "That the provisions of the child custody Agreement awarded custody of the three (3) minor children, Deirdre P. Quinn, Colby S. Quinn and Carson K. Quinn, to Daniel Quinn and allowed reasonable visitation to Elaine Quinn;

> "That Daniel Quinn has petitioned this Court for an Order holding Elaine Quinn in Contempt for failure to return the youngest child, Carson Quinn, as required by the Agreement incorporated in the Decree of Dissolution;"

In her appeal following the entry of the court's decree, Elaine Quinn presents a number of issues for our review concerning both the contempt order and the dismissal order. We accept review of the court's dismissal of the modification petition as an appeal from the District Court, and we accept review of the court's contempt of court order as a request for review by writ of certiorari. We reverse both the decree of the District Court and the contempt of court order.

As we read the Quinn's separation agreement, Daniel and Elaine Quinn were awarded joint custody of their children. The District Court erred in finding that the agreement gave only Daniel Quinn the rights of legal and physical custody of the Quinn children. The agreement clearly reads that ". . . Husband and Wife are . . . to be granted the joint care, custody and control of the minor children . . ." Montana courts are required by statute to interpret dissolution of marriage agreements by the law of contracts. Section 40-4-201(5), MCA. If the language used in a contract is clear and explicit, it controls the contract's interpretation. Section 28-3-401, MCA. The District Court's findings of fact nos. III and V are clearly erroneous and must, be reversed. Rule 52(a), M.R.Civ.P. The District Court contempt

-4-

of court order must also be reversed because Elaine Quinn committed no act or omission contemptuous of the authority of the court by keeping her son with her pursuant to the joint custody agreement. See, section 3-1-501, MCA.

We remand this case to the District Court for an additional hearing to determine whether the best interests of Deirdre, Colby and Carson Quinn are being served by the present joint custody arrangement. We recognize there are advantages in the joint custody alternative to the single parent custody/non-custodial parent visitation arrangement, but there are also important disadvantages to this alternative. In this case, for example, with the parents living a distance apart, the joint custody arrangement appears only to be fostering antagonism between Daniel and Elaine Quinn and instability in the childrens home environment.

Reversed and remanded.

_____
                    Justice

We Concur:

_____
      Chief Justice

_____

_____

_____

_____
      Justices

This case was submitted prior to January 5, 1981.

-5-